# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| HEATHER SINGH; and NAVJOT "JODY" SINGH,<br><br>          Plaintiffs,<br><br>vs.<br><br>GLENMARK PHARGENERICS, INC; and NEVADA CVS PHARMACY, LLC,<br><br>          Defendants. | Case No.: 2:14-cv-154-GMN-CWH<br><br>**ORDER** |

Pending before the Court is a Motion to Remand filed by Plaintiffs Heather Singh (hereinafter "Ms. Singh") and Navjot "Jody" Singh. (ECF No. 9.) Defendants Glenmark Phargenerics, Inc. (hereinafter "Glenmark") and Nevada CVS Pharmacy, LLC (hereinafter "CVS") filed a response in opposition, (ECF No. 12), and Plaintiffs filed a reply, (ECF No. 13.)  For the reasons that follow, the Court will grant the instant motion.

## I.   BACKGROUND

This action centers upon Plaintiffs' allegations that oral contraceptive pills manufactured by Defendant Glenmark and sold by Defendant CVS were defective. (Compl. 14:1-8, ECF No. 1.)  Ms. Singh claims that she was prescribed these pills after she was advised that, due to her age, a pregnancy would present a high risk to her health. (*Id.*)  Ms. Singh further alleges that despite taking the pills as prescribed, she discovered

that she was pregnant on March 3, 2012. (*Id.*)  This case was originally filed in Clark County District Court on December 24, 2013. (*Id.* at 11.)  On January 28, 2014, Defendants removed the case, citing this Court's diversity jurisdiction pursuant to 28 U.S.C. Section 1332. (Pet. for Rem. 1:25-27, ECF No. 1.)

Plaintiffs' Complaint sets forth six causes of action seeking to recover sums in excess of $10,000 for (1) general damages based on injuries Ms. Singh sustained as a result of the pregnancy, (2) future medical expenses, and (3) loss of future income. (Compl. 14:9-26, ECF No. 1.)  The Complaint also states that "Plaintiffs have incurred the services of an attorney in order to prosecute this action and is [sic] entitled to reasonable attorneys [sic] fees and costs." (*Id.* at 18:7-8.)  Plaintiffs now request that this case be remanded back to Clark County District Court.

## II.     LEGAL STANDARD

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  Removal statutes are strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).  "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

## III.    ANALYSIS

The principal issue here is whether diversity jurisdiction exists.  This Court has original jurisdiction over all civil actions in which the amount in controversy: (1) exceeds the sum or value of $75,000; and (2) is between citizens of different States. 28 U.S.C. §

1332(a). As discussed *infra*, Defendants fail to establish that the amount in controversy exceeds $75,000, and therefore the Court will grant Plaintiffs' motion.

In their response, Defendants argue (a) it is "facially apparent" from the Complaint that the amount in controversy requirement is met, and (b) awards in analogous cases have exceeded $75,000. (Resp. to Mot., ECF No. 12.) The Court will address both of these arguments in turn.

   *a. Damages Apparent from the Face of Plaintiffs' Complaint*

Defendants argue it is apparent from the values put forward in the Complaint and the types of damages Plaintiffs seek that the amount in controversy exceeds 75,000. (*Id.*) Indeed, a "district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Specifically, Defendants refer to (1) the sum of Plaintiffs' requests for relief, (2) Plaintiffs' request for attorneys' fees, (3) Plaintiffs' description of Ms. Singh's injuries as potentially "permanent" and "disabling," and (4) the possibility that Plaintiffs may seek to recover child-rearing costs.

Defendants argue that because Plaintiffs' first cause of action seeks recovery of an amount greater than $30,000 and each of the subsequent five causes of action seeks in excess of $10,000, simple arithmetic dictates that Plaintiffs are requesting an award of at least $80,000. (*See* Resp. to Mot. 6:23-7:6, ECF No. 12.) However, this argument fails to consider that these causes of action seek recovery for the same injuries.[1] Therefore, it would be fallacious to mechanically add these values in determining the total amount in controversy, as Plaintiffs cannot recover multiple times for the same harm. *See, e.g.*, *Elyousef v. O'Reilly & Ferrario, LLC*, 245 P.3d 547, 549 (Nev. 2010) (holding that "a

---

[1] The Complaint makes clear that each cause of action seeks recovery for the same injuries by providing in causes of action two through six, "That as a direct and proximate result, [Plaintiffs] suffered the injuries *hereinbefore set forth*." (Compl., ECF No. 1) (emphasis added).

plaintiff can recover only once for a single injury even if the plaintiff asserts multiple legal theories").

Defendants request that the Court consider Plaintiffs' request for attorneys' fees as part of the amount in controversy.  However, Defendants have not set forth any basis under which an award of attorneys' fees may be warranted in this case, nor have they provided any evidence as to the amount of attorneys' fees Plaintiffs might reasonably incur.  In order for a court to include a potential award of attorneys' fees within an amount in controversy, the removing party must (1) put forward an applicable statute which could authorize an award of attorneys' fees and (2) provide an estimate as to the time the case will require and opposing counsel's hourly billing rate. *See, e.g.*, *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000) (holding a defendant's statement that opposing counsel's fees "'may well, in and of themselves, exceed the jurisdictional minimum' [did] not suffice to create subject matter jurisdiction"); *Wilson v. Union Sec. Life Ins. Co.*, 250 F. Supp. 2d 1260, 1264 (D. Idaho 2003) (stating a defendant "must do more than merely point to [p]laintiffs' request for attorney's fees; upon removal it must demonstrate the probable amount of attorney's fees").  Therefore Defendants have not satisfied their burden to show that an award of attorneys' fees might be authorized in this action, and the Court cannot consider such an award as part of the amount in controversy.

Defendants also argue that the amount in controversy requirement is satisfied because Plaintiffs allege that Ms. Singh's physical injuries may be "permanent" and "disabling." (Resp. to Mot. 8:4-5, ECF No. 12.)  However, Defendants have failed to provide any estimate of the costs associated with Plaintiffs' injuries, and have not offered any description as to the character or degree of these injuries.  In fact, the most detailed depiction of Ms. Singh's alleged injuries appears in a single sentence in the Complaint

which states, "That by reason of the negligence and as a direct and proximate result thereof, Plaintiffs, sustained injuries to body, organs and systems all or some of which conditions may be permanent and disabling in nature, all to her [sic] general damage in a sum in excess of $10,000.00." (Compl. 17:19-21, ECF No. 1.)  This statement, which refers only to the possible duration rather than the nature or severity of Ms. Singh's injuries, raises no inference as to the possible damages associated with these injuries above the stated $10,000.  Because Defendants neither provide additional information regarding Ms. Singh's injuries nor present any estimate as to the value of a potential damage award, they have failed to show by a preponderance of the evidence that the amount in controversy requirement is satisfied based on these injuries.

Finally, Defendants argue that because this action rests upon allegations that defective contraceptive pills caused Ms. Singh's pregnancy, the average cost of raising a child should be included within the amount in controversy. (Pet. for Rem. 5:25-6:6, ECF No. 1.)  However, it is well established under Nevada law that, in suits involving inadvertent pregnancies, a plaintiff may not recover child-rearing costs unless the child is born with a severe disability. *Greco v. United States*, 893 P.2d 345, 350 (Nev. 1995); *see also Szekeres by Szekeres* v. *Robinson*, 715 P.2d 1076, 1078 (Nev. 1986) (holding that child-rearing costs cannot be recovered for a healthy child because, "it should not be facilely assumed that childbirth is a 'wrong' or the type of injurious consequence for which society should, through its courts, as a matter of public policy, give reparation."). Because Plaintiffs claim and Defendants do not dispute that Ms. Singh's child was born healthy, the cost of raising the child cannot be incorporated into the amount in controversy.

///

///

*b. References to Other Cases*

Defendants attempt to show that the amount in controversy requirement is satisfied by listing numerous cases that resulted in jury verdicts or settlements in excess of $75,000. Specifically, they refer to four cases involving unplanned pregnancies in which the defendants were ultimately required to pay more than $90,000. *See Plaintiff v. Roe*, 1997 WL 1067858 (Unknown Cal. Ct. 1997); *Mueller v. Zimmer*, 1994 WL 408941 (Wash. Super. Ct. 1994); *Rodriguez v. NYCHHC*, 1991 WL 451390 (N.Y. Sup. Ct. 1991); *Clay v. Wolf*, 1985 WL 352902 (Cir. Ct. Ill. 1985). Defendants also cite two cases in which claims regarding defective medications or medical procedures satisfied the amount in controversy threshold. *See Chanin v. Baxter Healthcare Corp*. 2010 WL 5570836 (Nev. Dist. Ct. 2010); *In re Rezulin Products Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001). Additionally, Defendants refer to one slip-and-fall case and two automobile-collision cases which met the criteria for diversity jurisdiction. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000); *McCall v. New Prime, Inc.*, 2012 WL 3782436 (D.N.J. 2012); *Boudreaux v. DaimlerChrysler Corp.*, 2001 WL 290157 (E.D. La. 2001).

Defendants' vague recitation of the causes of action and outcomes of other cases is insufficient to show that the amount in controversy exceeds $75,000 in this matter. The Court cannot consider awards issued in other actions unless Defendants point to specific commonalities which raise an inference that a similar award is possible in this case. *See, e.g.*, *Burk v. Med. Sav. Ins. Co.*, 348 F. Supp. 2d 1063, 1069 (D. Ariz. 2004); *Conrad Associates v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1201 (N.D. Cal. 1998). While Defendants have listed several cases in which the amount in controversy requirement was satisfied, they have failed to identify factual similarities indicating that this case could result in a comparable outcome. Because Defendants have failed to carry

this burden, the Court will not consider the awards in these other actions when determining the present amount in controversy.

Defendants attempt to draw comparisons between the instant case and *Ashworth v. Albers Medical, Inc*. 395 F. Supp. 2d 395 (S.D.W. Va. 2005). *Ashworth* involved a plaintiff who sued several drug manufacturers and a drug retailer after discovering that one of her prescriptions may have contained counterfeit tablets. The complaint alleged that the plaintiff had suffered "numerous and severe painful injuries including, but not limited to dangerously increased Triglyceride levels, and injuries to her body as a whole." *Ashworth v. Albers*, 395 F. Supp. 2d 395, 399 (S.D.W. Va. 2005). Ultimately, the *Ashworth* court determined that the amount in controversy requirement was satisfied and denied the plaintiff's motion to remand. *Id.* at 414.

Defendants point out that, like *Ashworth*, the instant case centers upon allegations of a defective medication. Defendants also assert that Plaintiffs' allegation claiming Ms. Singh "sustained injuries to body, organs and systems . . . [which] may be permanent and disabling" is functionally identical to the allegation in *Ashworth* that the plaintiff "sustained numerous and severe painful injuries." Thus, Defendants argue, *Ashworth*'s holding dictates that the amount in controversy requirement is satisfied in the present case. However, Defendants' analysis neglects to mention that the *Ashworth* plaintiff had issued a settlement demand letter requesting $150,000, which the court relied upon in denying the motion to remand. *Id.* at 414 n.14. Because there is no claim that Plaintiffs have made a settlement demand in excess of $75,000, *Ashworth* is inapposite to the instant case.

Therefore, because it is not facially evident from the Complaint that the value of Plaintiffs' claims exceeds $75,000, and because Defendants have failed to satisfy their

burden of demonstrating that the amount in controversy requirement is satisfied, the Court lacks subject matter jurisdiction over this case.[2]

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (ECF No. 9) is GRANTED. Accordingly, the clerk is instructed to close the case.

**DATED** this __26__ day of August, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge

---

[2] Because Defendants have failed to carry their burden as it relates to the amount in controversy, the Court need not determine whether complete diversity exists between Plaintiffs and Defendants.